# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2008

Charles R. Fulbruge III
Clerk

No. 08-50367
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HECTOR MANUEL SAENZ-RIOS, also known as Hector Manuel Saenz, also known as Hector Saenz

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2652-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Manuel Saenz-Rios appeals the 85-month sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Saenz-Rios does not challenge either the district court's calculation of his advisory guidelines sentencing range of 77 to 96 months of imprisonment or the district court's application of a 16-level enhancement under U.S.S.G. § 2L1.2. Instead, he contends that his within-guidelines sentence should not be accorded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a presumption of reasonableness because § 2L1.2 is not empirically based. He also contends that his sentence is unreasonable because it was greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Following United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in § 3553(a). Gall v. United States, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. Id. at 597. We then consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guidelines range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing the Supreme Court's decisions in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), and Rita, 127 S. Ct. at 2462, Saenz-Rios argues that the within-guidelines sentence imposed in his case should not be accorded a presumption of reasonableness because § 2L1.2(b) was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having "suggested" that the appellate presumption should not be applied to Guidelines that do not take account of this data and experience.

Our reading of Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." 128 S. Ct. at 564. In Kimbrough, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert.

denied, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Saenz-Rios also argues that the sentence imposed by the district court is greater than necessary to satisfy the § 3553(a) factors. He contends that the guidelines range overstated the seriousness of his criminal history and was too severe to reflect the seriousness of his unlawful reentry offense, considering that it was not a crime of violence and that he did not pose a danger to others.

The record reflects that the district court considered Saenz-Rios's criminal history as well as Saenz-Rios's particular circumstances and mitigating factors. The district court noted, however, that Saenz-Rios had 13 convictions and had amassed 21 criminal history points due to his prior criminal convictions, which included convictions for aggravated battery and driving under the influence.

Saenz-Rios has failed to demonstrate that his within-guidelines sentence should not be accorded a presumption of reasonableness. See Alonzo, 435 F.3d at 554. Accordingly, the district court did not abuse its discretion in imposing a sentence within the advisory guidelines range. Gall, 128 S. Ct. at 597.

The judgment of the district court is AFFIRMED.